(110 App. Div. 42.)

### HAWKINS v. HAWKINS.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

DIVORCE—SEPARATION SUIT—PRIOR ESTABLISHMENT OF ADULTERY—EFFECT.

The adultery of a wife, established in an action against her by her husband for divorce, wherein the husband was denied relief for his adultery, is not misconduct precluding the wife from maintaining a suit for a separation.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, §§ 192, 193.]

Appeal from Special Term, Kings County.

Separation suit by Jennie F. Hawkins against Daniel A. Hawkins. From an order directing defendant to pay a counsel fee to plaintiff's attorney, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and RICH, JJ.

John McCormick, for appellant.
Andrew J. Shipman, for respondent.

WILLARD BARTLETT, J. This a matrimonial action for a separation on the ground of the abandonment of the plaintiff by the defendant. In a prior suit for absolute divorce, brought by the husband against the wife, the court refused to dissolve the marriage on the ground that both parties had committed adultery. In the present separation suit, instituted by the wife, the court at Special Term has allowed her a counsel fee of $100; and it is contended upon this appeal

that no authority exists for making such an order, inasmuch as, under section 1765 of the Code of Civil Procedure, the wife's adultery, established by the judgment in the action for absolute divorce, constitutes such misconduct as to entitle the husband to judgment in the case at bar.

Undoubtedly this position would be correct, if the husband had not also been adjudged guilty of adultery in the prior action. It seems to me quite clear that, under our statutory system regulating the subject of absolute and limited divorces, the adultery of the wife, established in an action brought against her by her husband, where the husband was denied relief on account of his own adultery, cannot be regarded as misconduct precluding the wife from prosecuting her suit for a separation. Such a suit is really nothing more in effect than an action to compel her husband to afford her support and maintenance, and I am unable to perceive any logical reason why he should be relieved of that obligation because of her adultery, when he has been equally unfaithful to his marriage vows. It may be assumed that two objects are sought by a husband who institutes a suit against his wife for an absolute divorce: First, a release from his legal obligation to support his wife; and, secondly, liberty to marry some other woman. If the wife in the present case can be denied the right to compel her husband to support her by reason of her adultery, notwithstanding the fact that he has also been guilty of adultery, the effect is to enable him to attain one of the objects of his suit for absolute divorce—that is to say, a release from his obligation to support his wife—and this, in spite of the fact that the court, by its judgment in the divorce action, has expressly refused to grant him any relief whatsoever.

In the case of Wood v. Wood, 2 Paige, 108, 111, decided in 1830, Chancellor Walworth, after pointing out the differences between the French law and the New York statutory law on the subject of divorces, declared:

"Here they are only granted for the criminal acts of one of the parties, and in favor of the one who is innocent. If both parties are guilty, neither has any claim to relief; and they are in that case suitable and proper companions for each other."

In the case of Beeby v. Beeby, 1 Haggard's Ecclesiastical Reports, 789, 790, Lord Stowell suggested that under such circumstances the parties might live together and find sources of mutual forgiveness in the humiliation of mutual guilt. It appears to have been the English law that, where a wife had successfully invoked the doctrine of recrimination against her husband in a divorce suit based upon an allegation of her adultery, the court would not, in a suit for the restitution of conjugal rights, compel the husband to live with the wife (Hope v. Hope, 1 Swabey & Tr. 94); but I cannot see that this fact has any bearing upon the construction which ought to be given to our own statutes. In a case of mutual guilt, like this, it does not seem to me that it can have been the intention of the Legislature to justify the husband in refusing to support the wife precisely as he would be justified in doing if she alone had been guilty of adultery.

For these reasons, I advise an affirmance of the order appealed from.

Order affirmed, with $10 costs and disbursements. All concur.