(121 App. Div. 896)

### HAWKINS v. HAWKINS.

(Supreme Court, Appellate Division, Second Department. July 23, 1907.)

DIVORCE—SEPARATION—DEFENSE OF MISCONDUCT.

> The defense of misconduct of the wife, entitling the husband to judgment in her action against him for separation and support for desertion, is not sustained by proof of her adultery; his adultery being shown by the same evidence, the judgment roll in an action by him against her for divorce.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, §§ 192, 193.]

> Gaynor, J., dissenting.

Appeal from Special Term, Kings County.

Action by Jennie F. Hawkins against Daniel A. Hawkins. From a judgment for plaintiff, defendant appeals. Affirmed.

See 96 N. Y. Supp. 804, 110 App. Div. 42.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MIL-LER, JJ.

John McCormick, for appellant.

Andrew J. Shipman, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the authority of Hawkins v. Hawkins, 110 App. Div: 42, 96 N. Y. Supp. 804. If the case were one of first impression, we would unite with GAYNOR, J., in his dissent; but we feel bound to vote for affirmance under our decision in Hawkins v. Hawkins, supra.

GAYNOR, J. (dissenting). This is an action by wife against husband for separation and support for abandonment. The husband pleads the adultery of the wife as a defense. He made good this defense by putting in evidence the judgment roll in an action brought by him against her for divorce for adultery. By such judgment roll it appears that the court adjudicated that the wife had committed the acts of adultery alleged, but the husband was denied relief only because he had also committed adultery. If instead of putting the judgment roll in evidence this appellant had otherwise proved that the respondent had committed adultery, she could not have avoided such defense by proving that he had committed adultery. The case is no different as it is. Her adultery is proved by the judgment roll. Section 1765 of the Code of Civil Procedure provides that in an action like this the defendant "may set up in justification the misconduct of the plaintiff," and that if it be established the defendant must have judgment. This plaintiff's right to the support of her husband depends on her status as an adulteress. That is a justification of his refusal to support her by the express words of the statute, and we cannot set it at naught. Nor is there any authority cited to the contrary irrespective of the statute. Both being guilty of adultery neither has standing to get any relief of the other. Her adultery is "misconduct." That he has been guilty of misconduct does not make her adultery not misconduct.

The judgment should be reversed.